Summers, J.
The relator, R. Frank Wilson, is the sheriff of Stark county. He was elected in November, 1905, and entered upon the duties of the office on January 1, 1906, and is now serving on the third year of his term, as extended by the act passed April 16, 1906, entitled, “An act to conform the terms of office of the various state and county officers to the constitutional provisions of (relating to) biennial elections.” He has been duly nominated, and his nomination has been duly certified to the defendants, the deputy state supervisors of election in that county, as the Republican candidate for sheriff to be voted for at the election to be held in 1908. The deputy supervisors refuse to place his name upon the ballot, solely because he is now serving his third year in the office and is ineligible to be elected for a term of two years, under Section 3, of Article X, of the Constitution, which provides that no person shall be eligible to the office of sheriff for more than four years in any period of six years.
The relator prays for a writ of mandamus commanding the defendants to execute a certificate of his nomination.
The defendants enter their appearance, waive the issuance of an alternative writ and submit the case upon a general demurrer to the petition.
The question presented requires a construction of the same act and the same constitutional provision that were under consideration in The State, ex rel. Sartain, v. Harris, Governor, 77 Ohio St., 481, and the answer is a corollary to that case. In that case the fact was that the sheriff had served four consecutive years, and the question *355 was, whether by virtue of the act he could serve another year. In the opinion (485) it is said: “It is conceded that this act extends Karb’s term to the first Monday in January, 1909, but it is contended that a vacancy exists by reason of his ineligibility under Section 3, Article X, of the Constitution.” The answer is (487), “The authority given the general assembly to extend existing terms was in legal effect authority to continue the incumbents in office to the end of the extended term, and to limit the power by Section 3, Article X, would prevent the effecting of the purpose of the amendment in the mode therein expressly authorized. These provisions of the amendment were necessary to make it operative. They are merely temporary, and Section 3, Article X, has no application.” In other words, it authorized an extension of eligibility as well as of term. The only difference in the facts of the two cases is, that in this the extension is of the first term. The people in providing, in the constitutional amendment, that the general assembly shall have power to so extend existing terms of office as to effect biennial elections, and the general assembly in extending existing terms did not intend to hand the incumbents of some of the offices an apple of Sodom, or, if the use of current vernacular is permissible, a lemon. The intention was to provide for the carrying on of the government during the interval between the end of terms of office and the new time to be fixed for the commencement of terms of office. Merely to extend terms would accomplish nothing. Authority, constitutional and statutory, existed for the filling *356 of vacancies, but by several decisions of this court, power to continue in office incumbents by an extension of term was denied. In State, ex rel. Kelly, v. Thrall, 59 Ohio St., 368, it is held: “The power conferred upon the general assembly by the twenty-seventh section of the second article of the constitution to provide for the filling of vacancies in office, refers to such vacancies as may occur fortuitously. It does not authorize the creation of an interval between the official terms of persons elected to the office of sheriff.”
This case was followed and approved in the State, ex rel. Attorney-General, v. Beal, 60 Ohio St., 208, where it is held that: “The act of April 19, 1898, ‘To amend Section 1267 of the Revised Statutes’ (93 O. L., 125), postponing the beginning of the official terms of prosecuting attorneys from the first Monday in January to the first Monday in September, and the provision of the first section of the act of April 26, 1898 (93 O. L., 261), to .effect a like postponement as to the office of infirmary director, are void, being in violation of the tenth article of the constitution, which requires that county officers shall be elected, and not within the authority to provide for the filling of vacancies conferred upon the general assembly by the twenty-seventh section of the second article.” And to the same effect is The State, ex rel. Attorney-General, v. Hall, 67 Ohio St., 303, where an attempt was made to extend the term of office of Ihe clerk of court.
Under these decisions the office could be filled for the interregnum only by an election.
To extend the term of an office, in the absence *357 of some disqualifying provision, continues the incumbent in office. Here the extension is authorized by the constitutional amendment. Its purpose was to enable the legislature to provide for the carrying on of the government during the interregnum by continuing incumbents in office, and it would be unreasonable to conclude that in the adoption of the amendment it was not the intention to exempt the authority from limitations that would defeat its purpose; and whether or not such an emergency, as was here presented, was foreseen is immaterial, for the purpose to bridge the interregnum is patent, and the mode of doing so is indicated and is impliedly exempted from any limitations that would defeat the accomplishment of that purpose in the mode prescribed. In authorizing an extension of terms it was not the purpose to provide for a vacancy that might be filled by appointment, but to avoid a vacancy by continuing the elected incumbents in office during the interregnum.

Peremptory writ awarded.

Price, C. J., Spear and Davis, JJ., concur.